# UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF OHIO

UNITED STATES OF AMERICA

V.

Petrochelli ROBERTSON

CRIMINAL COMPLAINT

CASE NUMBER: 2:07-mj-21-TIC

I, **Jerry L. Orick Jr**, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about the dates of 07/28/2005, 11/22/2005 and 05/25/2006 in Franklin County, in the Southern District of Ohio, defendant did, (Track Statutory Language of Offense)

   Did knowingly and unlawfully distribute over five grams of cocaine base, commonly known as crack cocaine, a schedule II controlled substance

in violation of Title <u>18 and 21</u> United States Code, Section(s) <u>2, 841(a)(1), 841 (b)(1)(B)(iii)</u>.

I further state that I am a Police Officer with the Columbus, Ohio Division of Police and a Taskforce Officer with the Bureau of Alcohol, Tobacco, Firearms and Explosives and that this complaint is based on the following facts:

   (please see attached)

Continued on the attached sheet and made a part hereof: ☒ YES ☐ NO

_____
Signature of Complainant

Sworn to before me and subscribed in my presence,
01/25/2007
_____ AT Columbus, Ohio
Date                              City and State

Terrence P. Kemp, U.S. Magistrate Judge
_____          _____
Name and Title of Judicial Officer     **signature** of Judicial Officer

## PROBABLE CAUSE AFFIDAVIT
## Petrochelli ROBERTSON

I, Jerry L. Orick Jr, being duly sworn, depose and state that:

1. I have been a Police Officer with the Columbus, Ohio Division of Police since 2001. I have been a Taskforce Officer with the United States Department of Justice, Bureau of Alcohol, Tobacco Firearms, and Explosives since May 2005. I am familiar with Federal criminal laws pertaining to firearm and narcotics violations.

2. On 07/28/2005, ATF Confidential Informant (CI) contacted Rico WILSON (aka: Tadarreiro ANDERSON), male black, SSN: 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, DOB: 01/15/1978, via cell phone at 614-937-2268 and arranged for the purchase of ½ ounce of crack cocaine at 128 Cypress Avenue Columbus, Ohio. WILSON agreed to sell the crack cocaine for $425.00.

3. S/A O'Brien and CPD Officer Orick outfitted CI with a wire transmitter and recording device prior to this transaction. CPD Officer Orick searched CI for contraband found nothing of concern. ATF visually observed CI until the time CI met with Rico WILSON.

4. S/A O'Brien drove the CI to the address of 128 Cypress Avenue Columbus, Ohio. S/A O'Brien parked in the rear of this address and CI approached the rear door. S/A O'Brien visually observed CI knock on the rear door of 128 Cypress Avenue. A M/B opened the door and allowed CI to enter the residence.

5. Per an after action interview with CI, CI stated that the M/B who answered the rear door of 128 Cypress Avenue is only known to him as "Juice", later identified as Petrochelli ROBERTSON, SSN: 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, DOB: 01/12/1986, CPD ID# 87282B via CPD Photo array. CI stated that ROBERTSON called for Rico WILSON, initially out of the CI's sight, who was in the front living room of 128 Cypress Avenue Columbus, Ohio. Rico WILSON then entered the kitchen area with the baggie of suspected crack cocaine. CI placed a set of digital scales on the stovetop and Rico WILSON placed the baggie on the digital scales. The suspected crack cocaine weighed 11.0 grams on the digital scales. Rico WILSON then informed CI that he would lower the price to $400.00. CI agreed to the reduction in price, paid for the suspected crack cocaine and exited the rear of 128 Cypress Avenue. S/A O'Brien observed CI exit the same door that he (CI) entered and was handed the baggie of suspected crack cocaine by CI. CI was searched for money and/ or contraband after the narcotics transaction. Nothing of concern was discovered.

6. The suspected narcotics were conveyed to the CPD Laboratory for analysis. Crime Analysist Reagan Anderson tested the suspected narcotics and the findings were positive for 9.19 grams of cocaine base, a schedule II substance.

7. On 11/22/2005, CI contacted ROBERTSON via cell phone at 614-378-1241 and arranged for the purchase of ½ ounce of crack cocaine at 128 Cypress Avenue Columbus, Ohio. ROBERTSON agreed to sell the crack cocaine for $350.00.

8. S/A O'Brien and outfitted CI with a wire transmitter and recording device prior to this transaction. S/A O'Brien searched CI for money and contraband and found nothing of concern. ATF visually observed CI until the time CI met with ROBERTSON.

## *PROBABLE CAUSE AFFIDAVIT*
Petrochelli ROBERTSON

9. S/A O'Brien drove the CI to the address of 128 Cypress Avenue Columbus, Ohio. S/A O'Brien parked in the rear of this address and CI approached the rear door. S/A O'Brien visually observed CI knock on the rear door of 128 Cypress Avenue and the CI was permitted to enter the residence.

10. Per an after action interview with CI, CI stated that the B/M who answered the rear door of 128 S Cypress Ave was ROBERTSON. During the transaction, ROBERTSON entered the kitchen area with the baggie of suspected crack cocaine. CI stated the crack cocaine weighed only 6.8 grams. CI stated that ROBERTSON took the crack cocaine back into the living room. CI stated ROBERTSON came back to the kitchen and handed him the crack cocaine. CI stated he paid ROBERTSON $350.00 for the crack cocaine. CI was searched for money and/ or contraband after the narcotics transaction and nothing of concern was discovered.

11. The suspected crack cocaine was conveyed to BCI for narcotics analysis. Analysis by James Smith revealed that the suspected narcotics were in fact 5.61grams of cocaine base, commonly known as crack cocaine.

12. On 05/25/2006, CI placed a call to ROBERTOSN and arranged the purchase of ½ ounce of crack cocaine. ROBERTSON told the CI to come to the residence (252 S. Dakota Ave, Columbus, Ohio) in twenty (20) minutes. ROBERTSON and the CI agreed on a price of $500.00 for ½ ounce of crack cocaine. This telephone call was monitored and recorded.

13. S/A Beth Dallas, working in an undercover (U/C) capacity, drove the CI to a location near the target residence (252 S. Dakota Ave, Columbus, Ohio) and the CI exited the U/C vehicle and approached the residence on foot. ATF and CPD surveillance units observed the CI approach the rear of 252 S. Dakota Ave, Columbus, Ohio and approach the side door. The transaction was monitored via the transmitter. ATF S/A Colin Grosser overheard the CI talking with ROBERTSON.

14. During the course of the contact, S/A Grosser overheard ROBERTSON instruct the occupants to "seal the door" after he left (front and rear doors are equipped with 2x4's on the top and bottom for use as barricades) and to not let anyone "in or out" while he was gone. The occupants could be heard hammering the 2x4's in place after ROBERTSON left the residence.

15. While ROBERTSON was absent, the ATF U/C contacted the CI via telephone to check on the CI's safety. The CI stated that ROBERTSON had left the residence to retrieve a quantity of crack cocaine and was going to return with the crack.

16. S/A Grosser overheard ROBERTSON return to the residence, knock on the door and direct the occupants to open the door. After ROBERTSON's return, the CI provided ROBERTSON with $500.00 in previously recorded Government funds. ROBERTSON weighed out approximately 12.9 grams of suspected crack cocaine and provided it to the CI.

17. Following this transaction, the CI handed the U/C a baggie containing suspected crack cocaine. The CI also provided the U/C with $120.00 in previously recorded Government

Funds that were not used during the transaction. S/A Burt searched the CI for money and/or contraband with negative results.

**PROBABLE CAUSE AFFIDAVIT**
**Petrochelli ROBERTSON**

18. The suspected crack cocaine was conveyed to the Ohio Bureau of Criminal Identification and Investigation (BCI) for narcotics analysis. Narcotics testing by Analysis by Forensic Scientist Beverly Wiltshire concluded that the substance tested was in fact 11.64 grams of cocaine base, a schedule II substance.

19. It is with the above information that your affiant believes there exists probable cause to arrest Petrochelli ROBERTSON for violations of Title 21 United States Code, Section(s) 841(a)(1), and 846.

_[signature]_
Jerry L. Orick Jr.
CPD/ ATF TFO

Sworn to and subscribed before me this 25th day of January, 2007, at Columbus, Ohio.

_[signature]_
Terrence P. Kemp
U.S. MAGISTRATE JUDGE